DANIEL S. SILVERMAN (SBN 137864)
dsilverman@roll.com
DANIELLE M. CRIONA (SBN 204074)
dcriona@roll.com
MICHAEL M. VASSEGHI (SBN 210737)
mvasseghi@roll.com
ROLL LAW GROUP P.C.
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone: 310-966-8400
Facsimile: 310-966-8810
Attorneys for Plaintiff
POM WONDERFUL LLC


FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

POM WONDERFUL LLC, a Delaware limited liability company,

　　　　　Plaintiff,

　　v.

STARBUZZ TOBACCO, INC., a California corporation; GLOBAL HOOKAH DISTRIBUTORS, INC. dba WWW.SOUTHSMOKE.COM, a North Carolina corporation, and DOES 1-10,

　　　　　Defendants.

Case No. SACV11-0017 JVS MLGx

**COMPLAINT FOR:**

FEDERAL TRADEMARK INFRINGEMENT; VIOLATION OF THE LANHAM ACT § 43(A); FEDERAL TRADEMARK DILUTION; FEDERAL COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.; CALIFORNIA COMMON LAW UNFAIR COMPETITION.

**DEMAND FOR TRIAL BY JURY**

{047023.3}

COMPLAINT

Plaintiff PomWonderful LLC hereby alleges as follows:

## PARTIES

1. Plaintiff PomWonderful LLC ("POM") is a Delaware limited liability company with its principal place of business located at 11444 West Olympic Boulevard in Los Angeles, California 90064. POM produces, markets, sells and distributes pomegranate and pomegranate extract products worldwide in connection with its highly distinctive POM® brand including, but not limited to, fresh fruit, juices, tea and coffee beverages, nutritional supplements and snack bars.

2. POM is informed and believes that Defendant Starbuzz Tobacco, Inc. ("Starbuzz") is a California corporation, doing business in California and with its principal place of business located at 2116 West Lincoln Avenue in Anaheim, California 92801. POM is informed and believes that Starbuzz is involved in the manufacture and sale of tobacco products including, but not limited to, flavored and/or loose leaf tobacco products suitable for smoking.

3. POM is informed and believes that Defendant Global Hookah Distributors, Inc. dba www.southsmoke.com ("South Smoke") is a North Carolina corporation, doing business in California and with its principal place of business located at 422 Crompton Street, Charlotte, North Carolina 28273. POM is informed and believes that South Smoke is involved in at least the distribution and sale of tobacco products including, but not limited to, those manufactured and sold by Starbuzz as described herein.

4. POM is not aware of the true names and capacities of the Defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said Defendants. POM will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when their identities are ascertained.

5. POM is informed and believes, and based thereon alleges, that Defendants Starbuzz, South Smoke, and each of the fictitiously named Doe Defendants (collectively, "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by POM as alleged hereinafter. POM is also

informed and believes, and based thereon alleges, that while participating in such acts, each Defendant was the agent, principal, and/or alter ego of the other Defendants, and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

6. As described further below, POM is informed and believes, and based thereon alleges, that Defendants conduct business and distribute their products in California, within this Court's jurisdiction in Southern California and in the greater Los Angeles area.

## JURISDICTION AND VENUE

7. This action arises, in part, under the Lanham Act, as amended, 15 U.S.C. §§ 1114 and 1125, Federal Copyright Law (17 U.S.C. § 101 et seq.), California Business and Professions Code § 17200 et seq., and California common law. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademark infringement claims under the Lanham Act), 17 U.S.C. §§ 501 through 505 (copyright infringement claims under Federal law); 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (original jurisdiction of copyright claims, trademark claims, or unfair competition claims related to same) and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. POM is informed and believes, and based thereon alleges, that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c) because a substantial part of the events giving rise to the claims occurred in this District and at least one of the Defendants resides in this District. Additionally, POM is informed and believes, and based thereon alleges, that the Court has personal jurisdiction over Defendants because Defendants conduct their ordinary business activities in this District, have focused a substantial portion of their unlawful conduct in Los Angeles County within this District, have distributed, and sought to distribute, infringing products in this District, and generally engage in business in this District and the greater Los Angeles area.

///

# FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

## I. The POM® Brand

9. POM began producing, selling and marketing its pomegranate products in 2001 and essentially created the existing market in the United States for products made from or containing pomegranates.

10. Since 2001, POM has extensively marketed its products in interstate commerce in connection with a family of highly distinctive trademarks and copyrighted artwork which is comprised of, or includes, the term POM (collectively, the "POM® brand").

11. The POM® brand has been used in connection with fresh fruit since 2001, with beverages since 2002, and with concentrated juice extract and related products since 2009. Attached as Exhibit A are examples of the products sold by POM in connection with its POM® brand.

12. POM has invested over 300 million dollars in the creation, development, production, marketing and sales of the POM® brand and its products. The POM® brand of juice has become the bestselling brand of pomegranate juice in the United States, having sold over 150 million bottles since 2002.

13. The POM® brand is a unique food and beverages brand whose name is associated with health and with caring about the health of its consumers.

14. A significant element of POM's marketing campaign has been POM's own focus on the health benefits of its pomegranate products and the company's substantial investment in scientific research that is focused on the health benefits of its products.

15. POM has invested millions of dollars in scientific research to study the health benefits of pomegranates and advertises this investment to consumers. Much of the research underwritten by POM has, in fact, been published in well-known and prestigious peer-reviewed scientific and medical journals.

16. Through the marketing and advertising of the health benefits of its products, the advertising of its investment in its research program and the publication of

POM sponsored research, POM has effectively conveyed the message to the public and its consumers that POM is a company and brand that is focused on, and cares about, the health of its consumers.

## II. The POM® Brand Intellectual Property

17. POM owns numerous trademark registrations and pending applications in the United States and around the world for the trademarks it uses in connection with the marketing, distribution and sale of its POM® brand products in interstate commerce. The POM® brand trademarks are used in connection with various goods including, but not limited to, fresh pomegranate fruit and pomegranate juice as well as products which contain fruit juice or fruit juice extracts such as tea and coffee beverages, dietary and nutritional supplements, and snack bars.

18. POM uses unique artwork on its products and with many of its trademarks. POM's artwork includes a heart design in place of the "o" in "pom" and a distinctive red color scheme which is unique to POM and makes POM's products recognizable to consumers (the "POM Heart Design").

19. POM has numerous trademarks registered with the United States Patent and Trademark Office, many of which include the distinctive and well known POM Heart Design. The POM registered trademarks include: POM (Reg. Nos. 2637053); POM & Design (Reg. No. 3047447); POM WONDERFUL (Reg. Nos. 2640835 and 3687491); POM WONDERFUL & Design (Reg. Nos. 2864641, 2780314 and 3687492); POM TEA (Reg. No. 3411595); LIGHT POM TEA (Reg. No. 3391707); LIGHT POM TEA & Design (Reg. No. 3411596); POM IN A PILL (Reg. No. 3337435); POM IN A PILL & Design (Reg. No. 3332875); POMEBERRY (Reg. No. 3382338); POM PASSION (Reg. No. 2944482); POM POWER (Reg. No. 2944481); POMx (Reg. Nos. 3562516 and 3674405); POMx & Design (Reg. No. 3562517 and 3791124); POMx SHOTS (Reg. No. 3667882); POMX SHOTS (Reg. No. 3667882); POWERED BY POMx (Reg. No. 3208934); and POMEGRANATE & Design (Reg. No. 3436526) (collectively, the "POM Marks").